UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIE ENCAR ARNOLD, | Case No. 2:24-cv-02239-APG-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| TRUMP LAS VEGAS SALES & MARKETING, INC.; TRUMP LV 4600 LLC; TRUMP CONSULTING & MARKETING LLC | |
| Defendants. | |

Pending before the Court is Plaintiff's application to proceed *in forma* pauperis ("IFP") and Complaint. ECF Nos. 1, 1-1. A review of Plaintiff's IFP application demonstrates she is unable to pay the filing fee associated with commencing a civil action. Thus, Plaintiff's IFP application is therefore granted. The Complaint is dismissed without prejudice and with leave to amend.

**I.    Screening Standard**

Upon granting a request to proceed in forma pauperis, a court must screen the Complaint under 28 U.S.C. § 1915(e)(2). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When a court dismisses the complaint of a plaintiff proceeding under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the

court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

While the standard under Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Further, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than [mere] conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "Determining whether a complaint states a plausible claim for relief … [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint may be dismissed sua sponte if the claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     Plaintiff Does Not Establish There Is Federal Jurisdiction**

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is often referred to as federal question jurisdiction. Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Moreover, federal courts have the authority to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A court may raise the question of subject matter jurisdiction *sua sponte*, and it must dismiss a case if it determines it lacks such jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). Here, as the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).

A review of Plaintiff's Complaint shows she pleads breach of contract, breach of good faith and fair dealing, and a claim in equity. None of these claims are based on federal statute or the U.S. Constitution. However, Plaintiff also raises a claim alleging a violation of Section 4b of the Commodities Exchange Act. 7 U.S.C. § 6b. The language of this Act makes it unlawful for any person to deceive or defraud any other person "in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery ...." *Id*. Plaintiff does not plead deceit or fraud in the sale of a commodity future. 7 U.S.C. § 1a(9) (defining a commodity). Further, a party alleging a fraudulent or deceitful contract in violation of 7 U.S.C. § 6b(a) must state such claim "with particularity." *Dzurka Bros., LLC v. Luckey Farmers, Inc.*, 712 F.Supp.3d 979, 997 (E.D. Mich. 2024). "To plead a fraud or mistake claim with particularity, the plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id*. (internal citations omitted).

When liberally construed Plaintiff's Complaint alleges she suffered an overcharge on one occasion. However, Plaintiff's hard to decipher allegations do not support or establish that she was induced into a commodities contract that was fraudulent, what was said, if anything, that was fraudulent, who made the fraudulent representations, or where and when the statements were made. In the absence of these facts, Plaintiff fails to plead a claim under federal law. As such, the Court lacks jurisdiction based on a federal question jurisdiction.

The Court further finds Plaintiff fails to plead diversity jurisdiction. Plaintiff pleads she is a resident of the State of Nevada and that Defendants are doing business in Nevada, while they have headquarters in New York. Diversity jurisdiction requires Plaintiff to plead the citizenship of Defendants, which she fails to do but which she may be able to cure through an amended pleading. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1086 (9th Cir. 2014) (a plaintiff should be permitted to amend a complaint to cure technical defects, including "alleging diversity jurisdiction based on residency rather than citizenship"). Corporations are "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principle place of business ...." 28 U.S.C. § 1332(c)(1). Plaintiff must plead the state of incorporation and the principle place of the Defendants' businesses demonstrating they are not citizens of Nevada.

### III.  Order

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED without prejudice and with leave to amend. If Plaintiff chooses to file an amended complaint she must do so no later than **January 10, 2025**. The amended complaint **must** demonstrate the Court can exercise jurisdiction over the amended complaint either based on diversity or federal question jurisdiction.

IT IS FURTHER ORDERED that failure to timely comply with this Order will result in a recommendation that this matter be dismissed in its entirety.

Dated this 6th day of December, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE